## OLE LANDRO v. GREAT NORTHERN RAILWAY COMPANY.[1]

March 24, 1911.

Nos. 16,755—(60).

**New trial — excessive damages.**

> A new trial is granted upon the ground that the verdict is so excessive as to indicate passion or prejudice on the part of the jury.

Action in the district court for Red Lake county to recover $10,000 for personal injuries. The answer was a general denial. The case was tried before Grindeland, J., and a jury which returned a verdict

[1] Reported in 130 N. W. 553.

in favor of plaintiff for $6,500. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Reversed.

*John W. Mason, James H. Maybury,* and *J. D. Sullivan,* for appellant.

*G. Halvorson* and *Julius J. Olson,* for respondent.

LEWIS, J.

Respondent claimed to have suffered from a partial dislocation of the sacro-iliac joint in a wreck on appellant's railroad in February, 1909. He recovered a verdict of $6,500, and the only question we are required to consider is whether the verdict is so excessive that it appears to have been given under the influence of passion or prejudice.

He was riding in a passenger car, and claims to have been thrown up from the seat by the shock, and that when he fell back he was struck by some part of the seat and injured. Soon after the accident, in answer to a question by the company surgeon whether he had been injured, he answered: "Was shaken up, and back a little stiff." A short statement of the evidence is as follows:

Respondent was thirty-eight years of age, and at the time of the accident weighed two hundred one pounds; at the time of the trial, two hundred four pounds. For two days after the accident he followed his occupation as traveling salesman, with headquarters at Thief River Falls, where he lived. He then returned home and consulted a doctor, who gave him some liniment. The company doctor also examined him. Neither one discovered any dislocation. In two weeks he started out on the road and worked until July, at which time he claimed to have been discharged. The record shows a lawsuit pending by him against his employer over the cause of his discharge. In August he was examined by Dr. Geist at Warren. Dr. Geist was a surgeon and practising physician in good standing at Minneapolis. He placed adhesive plasters over the parts claimed to be sore. Respondent wore these bandages for three weeks and then removed them.

The action was commenced early in August, and came on for

trial November 29, 1909. A few days prior to the date of the trial he was examined in the presence of two physicians called as witnesses for him at the trial, and in the presence of six physicians called by the defense. The six agreed that there were no objective symptoms of dislocation or injury, but that there was some tenderness, which would have yielded to proper treatment, had it been attended to, and which could yet be cured by proper treatment. The other two gave the opinion that there was a displacement, and that it probably could not be cured; that it was likely to be permanent. One of them stated that he had examined him three or four times, but did not conclude that there was a displacement until the last one. Just before the trial the other witness stated that he had examined him at his own office in Warren soon after the accident, and later was present at the examination made by Dr. Geist in the latter part of July, and had examined him later still and just before the trial. Respondent himself testified that it made him lame to walk and that he could not stand long on the left leg.

There can be no question that the respondent was injured to some extent as a result of the wreck. But there are certain facts which stand out distinctly and require consideration. Respondent treated his injury lightly at the time, and for five months made no other complaint to the company than the one mentioned, and kept on with his usual occupation for five months, until discharged. It is by no means clear that the injury is permanent and cannot be cured by the proper treatment, even if it was neglected at the time. His physical condition at the time of the trial was robust, there being nothing to suggest deterioration. There are other matters which, in view of a new trial, we refrain from mentioning.

Under all these circumstances a verdict of $6,500, cannot be allowed to stand. The exact nature, extent, and permanency of the injury were not definitely enough established to warrant such a verdict. And we are not able to say from this record what remuneration respondent ought to receive. We feel that the verdict is so large, when compared with what it ought to be on this record, that it cannot

be accounted for, except on the ground of passion or prejudice, and hence the trial court abused its discretion in not granting a new trial. Reversed.