# MARY C. WATERMAN v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, a Corporation.

### (145 N. W. 19.)

**Personal injury — railway accident — trial — evidence — medical experts — opinions — jury — excessive damages — new trial — motion for.**

1. Plaintiff, while a passenger on defendant's train on May 29, 1911, was injured by being thrown violently from her seat against another seat, owing to the act of the train crew in carelessly shunting another car against such train while standing at the depot at Wishek. She claims to have received very serious and permanent injuries, but the extent thereof, and whether the same will be permanent, rests largely upon the opinions of medical experts, such opinions being very much in conflict, although agreeing that she is suffering from what in medical science is known as traumatic neurosis, or railway spine. According to the opinions of nearly all the experts such ailments are in most cases curable.

The cause was tried about five months after the accident, resulting in a verdict for $25,000 and interest, upon which judgment for $26,000 was thereafter entered. Subsequently, a motion for a new trial was made upon the statutory ground, among others, of excessive damages appearing to have been given under the influence of passion or prejudice. Such motion was denied upon condition that plaintiff within twenty days remit all sums in excess of $16,000, which condition was complied with, and a new judgment entered for that amount.

*Held*, that the verdict, in the light of the testimony, was clearly excessive, and shows passion or prejudice of the jury, and that it was the duty of the trial court, under § 7063, Rev. Code 1905, to grant a new trial unconditionally, and his refusal so to do was prejudicial error.

**New trial — remittitur in lieu of — unliquidated damages — damages — excessive — passion or prejudice.**

2. Section 7063 construed, and *held*, not to authorize a remittitur in lieu of a new trial in cases involving unliquidated damages, where, as in this case, the damages assessed are so grossly excessive as to unmistakably show that the jury must have been actuated by either passion or prejudice. In such a case the defendant is entitled to a new trial.

**Rulings of trial court — testimony — objections.**

3. Certain assignments of error based upon alleged insufficiency of the evidence to justify a recovery, and upon certain rulings on objections to testimony, examined and *held* without merit.

Opinion filed November 20, 1913.  Rehearing denied January 19, 1914.

Appeal from District Court, Logan County, *J. A. Coffey,* J.

From a judgment in plaintiff's favor, and from an order denying a new trial, defendant appeals.

Reversed and a new trial ordered.

*John L. Erdall, S. E. Ellsworth,* and *Geo. M. McKenna (Alfred H. Bright,* of counsel), for appellant.

A new trial should be granted because excessive damages appear to have been given under the influence of passion or prejudice. Partello v. Missouri P. R. Co. 217 Mo. 645, 117 S. W. 1138; Creve Coeur Lake Ice Co. v. Tamm, 90 Mo. App. 202; Chlanda v. St. Louis Transit Co. 213 Mo. 244, 112 S. W. 249.

A new trial should always be granted where the verdict is so grossly excessive as to lead to the conclusion that it must have been reached through undue passion or prejudice of the jury. Johnson v. Great Northern R. Co. 107 Minn. 285, 119 N. W. 1061; Landro v. Great Northern R. Co. 114 Minn. 162, 130 N. W. 553; Bucher v. Wisconsin C. R. Co. 139 Wis. 597, 120 N. W. 518; Louisville & N. R. Co. v. Reaume, 128 Ky. 90, 107 S. W. 290; Gibney v. St. Louis Transit Co. 204 Mo. 704, 103 S. W. 43.

If plaintiff was suffering from a real trouble or disease, the great preponderance of the evidence proves that it was functional or subjective, and not organic, and no large verdict should be permitted to stand, based upon such testimony. Johnson v. Great Northern R. Co. 107 Minn. 285, 119 N. W. 1061; Depow v. Chicago & N. W. R. Co. 151 Wis. 109, 138 N. W. 43; Bucher v. Wisconsin C. R. Co. 139 Wis. 597, 120 N. W. 518; Robinson v. Spokane Traction Co. 47 Wash. 303, 91 Pac. 972; Schwartzbauer v. Great Northern R. Co. 112 Minn. 356, 128 N. W. 286; Oberg v. Northern P. R. Co. 136 Fed. 981.

The verdict cannot stand because the evidence fails to establish the fact, to a certainty, that the disease or trouble of which plaintiff complains will be permanent. Landro v. Great Northern R. Co. 114 Minn. 162, 130 N. W. 553; Fleming v. Lobel, — N. J. L. —, 59 Atl. 28, 17 Am. Neg. Rep. 324; Kanen v. Philadelphia & R. R. Co. 70 N. J. L. 619, 57 Atl. 268, 16 Am. Neg. Rep. 127.

Plaintiff has never received that care or medical treatment which would be likely to effect a cure in such a case. The opinions of the experts for the plaintiff, that she was permanently injured, were not

based upon anything substantial, but were purely speculative. Bucher v. Wisconsin C. R. Co. 139 Wis. 597, 120 N. W. 518; Baxter v. Chicago & N. W. R. Co. 104 Wis. 330, 80 N. W. 652, 6 Am. Neg. Rep. 746; Johnson v. Great Northern R. Co. 107 Minn. 285, 119 N. W. 1061; Collins v. Janesville, 99 Wis. 464, 75 N. W. 88; Strong v. Stevens Point, 62 Wis. 255, 22 N. W. 425; Morrison v. Northern P. R. Co. 34 Wash. 70, 74 Pac. 1064; Goken v. Dallugge, 72 Neb. 16, 99 N. W. 818, 101 N. W. 244, 103 N. W. 287, 9 Ann. Cas. 1222, 16 Am. Neg. Rep. 479.

Assuming that plaintiff has traumatic neurosis or hysteria, she can be cured by proper treatment. Such ailment is not necessarily of a permanent character. Osler's Practice of Medicine, 7th ed. p. 1096.

The verdict of the jury was clearly against the law, because the reasonable certainty of the permanency of the alleged injuries had in no sense been established. Rev. Codes 1905, § 6558; Strohm v. New York, L. E. & W. R. Co. 96 N. Y. 305; Curtis v. Rochester & S. R. Co. 18 N. Y. 541, 75 Am. Dec. 258, 9 Am. Neg. Cas. 606; Filer v. New York C. R. Co. 49 N. Y. 45, 10 Am. Rep. 327, 5 Am. Neg. Cas. 147; Clark v. Brown, 18 Wend. 229; Lincoln v. Saratoga & S. R. Co. 23 Wend. 435; Shoemaker v. Sonju, 15 N. D. 518, 108 N. W. 42, 11 Ann. Cas. 1173; Elzig v. Bales, 135 Iowa, 208, 112 N. W. 540; Chicago, M. & St. P. R. Co. v. Lindeman, 75 C. C. A. 18, 143 Fed. 946, 20 Am. Neg. Rep. 243; Hemenway v. Washington Water Power Co. 49 Wash. 338, 95 Pac. 269; Louisville & N. R. Co. v. Reaume, 128 Ky. 90, 107 S. W. 290; Illinois C. R. Co. v. Houchins, 121 Ky. 526, 1 L.R.A.(N.S.) 375, 123 Am. St. Rep. 205, 89 S. W. 530.

Assuming that the injury is permanent, a verdict of $16,000 is excessive and against the law. Rooney v. New York, N. H. & H. R. Co. 173 Mass. 222, 53 N. E. 435, 6 Am. Neg. Rep. 78; Peterson v. Roessler & H. Chemical Co. 131 Fed. 156; Vicksburg & M. R. Co. v. Putnam, 118 U. S. 545, 30 L. ed. 257, 7 Sup. Ct. Rep. 1, 12 Am. Neg. Cas. 574; McKenna v. North Hudson County R. Co. 64 N. J. L. 106, 45 Atl. 777, 7 Am. Neg. Rep. 463; Falldin v. Seattle, 57 Wash. 307, 106 Pac. 914; Re Jeremiah Smith & Sons, 196 Fed. 1002; O'Flanagan v. Missouri P. R. Co. 145 Mo. App. 276, 129 S. W. 1021; Canaday v. United R. Cos. 134 Mo. App. 282, 114 S. W. 88.

The evidence of the negligence of defendant is so uncertain and of such doubtful character, that the verdict must in any event be set aside. Depow v. Chicago & N. W. R. Co. 151 Wis. 109, 138 N. W. 43.

It is an undisputed fact that the *settlement* of such cases often effects a *cure* of the *disease,* and evidence of such fact is proper. Osler's Practice of Medicine, 7th ed. p. 433; Robinson v. Spokane Traction Co. 47 Wash. 303, 91 Pac. 973.

It is not only the right, but the duty, of this court to review the opinion evidence of the experts. Bucher v. Wisconsin C. R. Co. 139 Wis. 597, 120 N. W. 518; Strong v. Stevens Point, 62 Wis. 255, 22 N. W. 425; Schultz v. Chicago, M. & St. P. R. Co. 48 Wis. 375, 4 N. W. 399; Louisville & N. R. Co. v. Fox, 11 Bush, 495.

It is true that courts may be reluctant to interfere with the verdicts of juries on the ground of excessive damages, but to uphold them where a great wrong has been committed would, as a precedent, be doing an infinite wrong to the community. Union P. R. Co. v. Hand, 7 Kan. 393; Slette v. Great Northern R. Co. 53 Minn. 346, 55 N. W. 137; Collins v. Albany & S. R. Co. 12 Barb. 492; Partello v. Missouri P. R. Co. 217 Mo. 645, 117 S. W. 1138; Johnson v. Great Northern R. Co. 107 Minn. 285, 119 N. W. 1061; Landro v. Great Northern R. Co. 114 Minn. 162, 130 N. W. 553; Bucher v. Wisconsin C. R. Co. 139 Wis. 597, 120 N. W. 518; Louisville & N. R. Co. v. Reaume, 128 Ky. 90, 107 S. W. 290; Gibney v. St. Louis Transit Co. 204 Mo. 704, 103 S. W. 43; Depow v. Chicago & N. W. R. Co. 151 Wis. 109, 138 N. W. 43; Robinson v. Spokane Traction Co. 47 Wash. 303, 91 Pac. 972; Schwartzbauer v. Great Northern R. Co. 112 Minn. 356, 128 N. W. 286; Fleming v. Lobel, — N. J. L. —, 59 Atl. 27, 17 Am. Neg. Rep. 324; Kanen v. Philadelphia & R. R. Co. 70 N. J. L. 619, 57 Atl. 268, 16 Am. Neg. Rep. 127; Morrison v. Northern P. R. Co. 34 Wash. 70, 74 Pac. 1064; Goken v. Dallugge, 72 Neb. 16, 99 N. W. 818, 101 N. W. 244, 103 N. W. 287, 9 Ann. Cas. 1222, 16 Am. Neg. Rep. 479; Strohm v. New York, L. E. & W. R. Co. 96 N. Y. 305; Shoemaker v. Sonju, 15 N. D. 518, 108 N. W. 42, 11 Ann. Cas. 1173; Elzig v. Bales, 135 Iowa, 208, 112 N. W. 540; Chicago, M. & St. P. R. Co. v. Lindeman, 75 C. C. A. 18, 143 Fed. 946, 20 Am. Neg. Rep. 243; Hemenway v. Washington Water Power Co. 49

Wash. 338, 95 Pac. 269; Peterson v. Roessler & H. Chemical Co. 131 Fed. 156.

Where evidence as to whether injury is permanent is in conflict, and it appears that the lapse of a reasonable time will afford an opportunity to determine this question, at least a new trial will be granted. Stevens v. New Jersey & H. R. R. Co. 74 N. J. L. 237, 65 Atl. 874; Searles v. Elizabeth, P. & C. J. R. Co. 70 N. J. L. .388, 57 Atl. 134, 15 Am. Neg. Rep. 614; Kanen v. Philadelphia & R. R. Co. 70 N. J. L. 619, 57 Atl. 268, 16 Am. Neg. Rep. 127; Fleming v. Lobel, — N. J. L. —, 59 Atl. 27, 17 Am. Neg. Rep. 324.

*W. S. Lauder, A. B. Atkins,* and *O'Daniull & Atkins,* for respondent.

It is elementary law that the jury are the sole judges of the weight of the testimony and the credibility of the witnesses, and of the facts, and, having passed upon all these questions, the court will not set aside the verdict when supported by substantial evidence, even though the evidence is conflicting. Taylor v. Jones, 3 N. D. .235, 55 N. W. 593.

It is also an established rule of law that the court will not direct a verdict even where there is no conflict, if the evidence is such that different minds might reasonably draw different conclusions. Clemens v. Royal Neighbors, 14 N. D. 116, 103 N. W. 402, 8 Ann. Cas. 1111; Houghton Implement Co. v. Vavrowski, 19 N. D. 594, 125 N. W. 1024; Edwards v. Chicago, M. & St. P. R. Co. 21 S. D. 504, 110 N. W. 832; Hall v. Northern P. R. Co. 16 N. D. 60, 111 N. W. 609, 14 Ann. Cas. 960; Walklin v. Horswill, 24 S. D. 191, 123 N. W. 668; Berry v. Chicago, M. & St. P. R. Co. 24 S. D. 611, 124 N. W. 859; Casey v. First Bank of Nome, 20 N. D. 211, 126 N. W. 1011; Charles E. Bryant & Co. v. Arnold, 19 S. D. 106, 102 N. W. 303.

In a case tried by jury, the appellate court will not review the evidence to determine its *weight,* but simply to ascertain if there is sufficient legal evidence to support the verdict. Unzelmann v. Shelton, 19 S. D. 389, 103 N. W. 646; Comeau v. Hurley, 24 S. D. 255, 123 N. W. 715; Olson v. Day, 23 S. D. 150, 120 N. W. 883, 20 Ann. Cas. 516; Mosteller v. Holborn, 20 S. D. 545, 108 N. W. 13; Grant v. Powers Dry Goods Co. 23 S. D. 195, 121 N. W. 95.

On the question of the permanency of the injuries, the jury had the

right to believe the testimony of plaintiff and her expert witnesses. And even where the evidence is conflicting as to the permanency of the injuries, or where recovery is doubtful, the courts will not set aside a verdict as excessive. 13 Cyc. 130, 132, notes, 66–69, and cases cited.

The verdict in this case was not excessive. Zibbell v. Southern P. R. Co. 160 Cal. 237, 116 Pac. 513; Houston & T. C. R. Co. v. Gray, — Tex. Civ. App. —, 137 S. W. 729; Galveston, H. & S. A. R. Co. v. Ranson, — Tex. Civ. App. —, 125 S. W. 63; San Antonio Traction Co. v. Probandt, — Tex. Civ. App. —, 125 S. W. 931; Englert v. New Orleans R. & Light Co. 128 La. 473, 54 So. 963; Corby v. Missouri & K. Teleph. Co. 231 Mo. 417, 132 S. W. 712; Starck v. Washington Union Coal Co. 61 Wash. 213, 112 Pac. 235; Haggard v. Seattle, 61 Wash. 499, 112 Pac. 503; Reeks v. Seattle Electric Co. 54 Wash. 609, 104 Pac. 126; James v. Oakland Traction Co. 10 Cal. App. 735, 103 Pac. 1082; Canfield v. Chicago, R. I. & P. R. Co. 142 Iowa, 658, 121 N. W. 186; Gordon v. Kansas City Southern R. Co. 222 Mo. 519, 121 S. W. 80; Smith v. Whittier, 95 Cal. 279, 30 Pac. 529; Wabash Western R. Co. v. Friedman, 41 Ill. App. 270; St. Louis, I. M. & S. R. Co. v. Rogers, 93 Ark. 564, 126 S. W. 375, 1199; McCulloch v. Illinois Steel Co. 243 Ill. 464, 90 N. E. 664; Olson v. Gill Home Invest. Co. 58 Wash. 151, 27 L.R.A.(N.S.) 884, 108 Pac. 140; Texas & P. R. Co. v. Matkin, — Tex. Civ. App. —, 142 S. W. 604.

The granting or refusing of a new trial on the ground of excessive damages rests in the sound judicial discretion of the trial court, and in reviewing same, the appellate court will be guided by the general rule applicable to other discretionary orders. Craig v. Cook, 28 Minn. 232, 9 N. W. 712; Pratt v. Pioneer Press Co. 32 Minn. 217, 18 N. W. 836, 20 N. W. 87; Stutz v. Chicago & N. W. R. Co. 73 Wis. 147, 9 Am. St. Rep. 769, 40 N. W. 653.

It is the duty only of the appellate court, to *review* and ascertain whether or not it appears that the trial court either *withheld* or *abused* its discretion. Lincoln v. Central Vermont R. Co. 82 Vt. 187, 137 Am. St. Rep. 998, 72 Atl. 821; Barlow v. Foster, 149 Wis. 613, 136 N. W. 825; Taylor v. White River Valley R. Co. 29 S. D. 12, 135 N. W. 759; Dorffi v. Duluth, W. & P. R. Co. 117 Minn. 276, 135 N. W. 529.

The courts of this state have power to order a reduction of the amount of the verdict, and in case such order is not complied with, to grant a new trial. Ross v. Robertson, 12 N. D. 27, 94 N. W. 765; Aronson v. Oppegard, 16 N. D. 595, 114 N. W. 377; Galvin v. Tibbs, H. & Co. 17 N. D. 600, 119 N. W. 39; Lohr v. Honsinger, 20 N. D. 500, 128 N. W. 1035.

In an action for unliquidated damages, where the law furnishes no rule for measurement other than the discretion of the jury, courts will not disturb the verdict unless it is so improper as to evince passion, prejudice, partiality, corruption, or misapprehension. 37 Century Dig. 1029–1031; Casey v. First Bank of Nome, 20 N. D. 211, 126 N. W. 1011; Gull River Lumber Co. v. Osbrone-McMillan Elevator Co. 6 N. D. 276, 69 N. W. 691; Flath v. Casselman, 10 N. D. 419, 87 N. W. 988; Ross v. Robertson, 12 N. D. 27, 94 N. W. 765; Libby v. Barry, 15 N. D. 286, 107 N. W. 972; Bristol & S. Co. v. Skapple, 17 N. D. 271, 115 N. W. 841; Magnuson v. Linwell, 9 N. D. 157, 82 N. W. 743; Nilson v. Horton, 19 N. D. 189, 123 N. W. 397; Swain v. Fourteenth Street R. Co. 93 Cal. 179, 28 Pac. 829, 11 Am. Neg. Cas. 209; Mize v. Hearst, 130 Cal. 630, 63 Pac. 30.

The fact that a motion for a new trial was denied only on the remission of a part of the verdict does not necessarily show that the verdict must have been improperly reached by the jury, or that the trial court so found. Grant v. Wolf, 34 Minn. 32, 24 N. W. 289; Wilcox v. New York, N. H. & H. R. Co. 81 Fed. 143; Lee v. Southern P. R. Co. 101 Cal. 118, 35 Pac. 572.

The question of the permanency of plaintiff's injuries does not go to her right to a *verdict*, but to the *amount* of such verdict. Louisville, N. A. & C. R. Co. v. Wright, 115 Ind. 378, 7 Am. St. Rep. 432, 16 N. E. 145, 17 N. E. 584, 14 Am. Neg. Cas. 488; Buel v. New York C. R. Co. 31 N. Y. 314, 88 Am. Dec. 271, 5 Am. Neg. Cas. 87; Matteson v. New York C. R. Co. 35 N. Y. 487, 91 Am. Dec. 67; Central R. Co. v. Smith, 76 Ga. 209, 2 Am. St. Rep. 31; Evansville & T. H. R. Co. v. Guyton, 115 Ind. 450, 7 Am. St. Rep. 458, 17 N. E. 101.

There was no motion by defendant for a directed verdict in this case, and hence there was no opportunity for the trial court to have erred, either in passing upon the question of defendant's negligence, or the

sufficiency of the evidence, but *all* questions were left to the jury, and no exceptions were saved by the defendant. Donahue v. Gallavan, 43 Cal. 573; Cravens v. Dewey, 13 Cal. 40.

FISK, J. Plaintiff, while a passenger on defendant's train on May 29, 1911, sustained personal injuries caused by the alleged negligence of defendant's train crew in shunting a certain car against a portion of the train in which plaintiff was seated while such train was standing at the depot at Wishek. The sudden impact caused by such collision threw plaintiff violently from her seat against the arm of the seat immediately in front of her, and then back against another seat, rendering her unconscious for a few minutes, after which she was removed from the car and taken to the hotel in Wishek, where she remained about one month, and afterwards was taken to her home. She was under the care of physicians and nurses almost continually from the time of such injuries until the trial, which was had at the following November term of court held in Logan county. Plaintiff contends that, as a result of the accident, she has lost the sense of hearing in her right ear; that her right arm is so paralyzed that she is unable to control its movement, and that her right foot and limb are also paralyzed. In brief, she claims to be crippled for life, as a result of which injuries her earning capacity has been entirely destroyed, and that she will, during the remainder of her life, be compelled to employ the services of physicians and nurses. At the time of the accident she was thirty-two years of age, a high school graduate, and claims to have had an earning capacity of about $600 per year.

Defendant contends, on the contrary, that plaintiff is not permanently injured; that she has not lost her sense of hearing, and that her ailment is what is known in medical science as traumatic neurosis, or railway spine, which is a nervous condition, and that in most cases it may be entirely cured. The medical witnesses practically all agree as to the nature of her ailment, but there is some conflict in their testimony as to the probability of a permanent cure. The weight of such testimony would appear to support appellant's contention. Of course, such testimony consists of mere opinions, entitled to little or much weight according to the various expert's information upon the subject upon which such opinions are expressed. It is no doubt true

that we cannot weigh the testimony for the purpose of determining which is entitled to the most weight. That was the province of the jury. We refer to such conflict merely to emphasize the fact that a conflict in opinion evidence is somewhat different, and should be viewed in a somewhat different light, from that arising in testimony dealing with *facts*.

The burden which rested upon the plaintiff of proving, to a reasonable degree of certainty, the permanency of her injuries, is established, if at all, only by the opinions of experts. The time which elapsed between the date of the accident and the time of trial was but a little more than five months. From our view-point a dispassionate consideration of the entire testimony leaves the nature of plaintiff's injuries, in so far as their permanency is concerned, in at least considerable doubt.

The jury assessed her damages at the sum of $25,000 and interest from the date of the accident. Final judgment was entered on such verdict on December 5, 1911, for the sum of $26,000. Subsequently, a motion for a new trial was made, and on September 5, 1912, an order was entered in effect granting a new trial unless plaintiff should, within twenty days thereafter, remit all of such judgment in excess of $16,000, in which event the motion should be denied. Plaintiff remitted such excess, and on September 3, 1912, a new judgment was entered for $16,000 with interest thereon from such date, from which judgment this appeal is prosecuted.

The first and principal assignment of error urged by appellant is predicated upon the refusal of the trial court to grant its motion for a new trial upon the ground of excessive damages appearing to have been given under the influence of passion or prejudice. That the trial court considered the verdict greatly excessive is beyond question, for he ordered a new trial in the event plaintiff declined to remit the large sum of $10,000. The full amount prayed for in the complaint, $25,-000 and interest, was allowed by the jury. Whether the district court considered such allowance so large as necessarily to show either passion or prejudice does not definitely appear, but we think, in the light of the record, that this is the only view it could have taken. The verdict is, to our minds, so glaringly excessive and unauthorized by the evidence as to compel the conclusion that it must have been arrived at through passion or prejudice. It cannot be accounted for on any other

theory.  Section 7063, Rev. Codes 1905, enumerates the grounds for new trials, and the fifth ground is "excessive damages appearing to have been given under the influence of passion or prejudice." Excessive damages allowed in the absence of passion or prejudice of the jury is not therein made a ground for granting a new trial.  Tunnel Min. & Leasing Co. v. Cooper, 50 Colo. 390, 39 L.R.A.(N.S.) 1064, 115 Pac. 901, Ann. Cas. 1912C, 504.

In the above case the Colorado court, in construing a statute similar to our § 7063, supra, among other things, said:  "It is apparent that trial courts here, under this provision, no longer have power to set aside verdicts because simply excessive, but can only do so when it is also found that the excess award is due to passion or prejudice.  When the finding is that the verdict was so reached, a new trial must be granted, as it is then beyond the power of the court to permit a remittitur of a portion of the verdict and enter a judgment for such sum as in its judgment the jury should have returned.  . . .  The right, by this provision, to grant new trials because of excessive verdicts, unless influenced by passion or prejudice, having been withdrawn from the courts, it logically follows that when, under this particular subdivision of the Code, it was found that the verdict was excessive, and a remittitur of nearly three fourths of it was required, such finding, although the judge may have declared that he was not able to say that the verdict was returned as the result of passion or prejudice, was, as a matter of law, a finding to that effect, and the verdict must be so treated.  Upon such a verdict, defendant had an absolute right, under the Code, to a new trial, and the court had no more authority to deny it, or disregard a portion of the verdict and enter a judgment upon the residue, than it had to deny the plaintiff a jury trial, or enter judgment against it without any trial at all.  Still, without a verdict for that sum, and indeed without any lawful verdict, judgment was given for $10,000 upon the mere consent of plaintiff to accept it. That action was a plain violation of law, because what the Code of Civil Procedure gives, in the situation here disclosed, and all that it gives, is a right to the losing party to have, and it makes it the duty of the court to grant, a new trial."  The court cites and quotes from Sloan v. New York C. & H. R. R. Co. 1 Hun, 540; 18 Enc. Pl. & Pr. 144; and Gulf, C. & S. F. R. Co. v. Coon, 69 Tex. 730, 7 S. W.

492, after which the opinion continued as follows: "Since, therefore, on principle and authority, the finding of the court that the verdict was excessive must be treated, in legal effect, as a finding that it was returned under the influence of passion or prejudice, it was reversible error to allow plaintiff to remit a portion of it and enter judgment for the residue, because the gist of the whole matter is that no trial by an impartial jury has been had. To permit the court in such situation to substitute its judgment as to the amount which the plaintiff ought to have, for that of a jury, would be in effect to deny the right of the defendant to such a trial as the general laws provide and the Constitution guarantees."

The Texas court in Gulf, C. & S. F. R. Co. v. Coon, supra, said: "The trial judge concluded that it was excessive, as he required plaintiff to enter a remittitur of $3,000 as a condition to his overruling the motion for a new trial. If the judge was of opinion [that] the verdict was excessive, he should have granted a new trial. The damages are assessed by the jury; if the verdict is excessive the judge, in actions like this, has no measure by which to determine how much it is excessive; his attempt to do so is an invasion of the rights of the jury. His only course in such a case is to grant a new trial."

South Dakota holds likewise. Murray v. Leonard, 11 S. D. 22, 75 N. W. 272, and Davis v. Holy Terror Min. Co. 20 S. D. 399, 107 N. W. 374.

In the recent case decided by us of Carpenter v. Dickey, ante, 176, 143 N. W. 964, we took occasion to review and cite the authorities, both pro and con, bearing upon this question. In that case we were not called upon to announce a rule governing cases such as this, where it appears that the passion or prejudice merely extended to the assessment of damages, and could not have influenced the jury in passing upon the other issues in the case. But in the case at bar such a situation is presented, for it is quite clear, we think, that plaintiff is entitled to recover something, the only question being the amount. We are firmly of the opinion that the trial court had, under the statute, no alternative but to grant the motion for a new trial unconditionally, and that it was therefore reversible error not to have done so. We approve the rule of the Colorado court in Tunnel Mining & Leasing Co. v. Cooper, 50 Colo. 390, 39 L.R.A.(N.S.) 1064, 115 Pac. 901, Ann.

Cas. 1912C, 504, in so far as it is there held that a new trial should be granted where the damages are so excessive as to show passion or prejudice. It is unnecessary in the case at bar to go to the extent of deciding, as was decided in that case, that the trial court has no power to grant a new trial, or to require a remittitur in lieu of a new trial, in cases where the damages assessed are deemed excessive, but it does not appear that the same were given under the influence of passion or prejudice, and we do not wish to be understood as so holding. In cases of excessive damages not given under the influence of passion or prejudice, it may be that the trial court possesses the inherent power, regardless of the statute, to grant a conditional order for a new trial in the event the plaintiff will not voluntarily remit a designated portion from the recovery. The case at bar, however, comes clearly within the statute which in effect prescribes that a new trial shall be granted unconditionally because of the "excessive damages appearing to have been given under the influence of passion or prejudice." As we construe the statute, the legislature has in effect said that where the verdict is thus tainted, no part of it should stand, for the parties are entitled to an assessment of damages not by the court, but by a jury which is not influenced in its deliberations by any improper motive. If such statute is to be given effect according to its plain mandate in any case, it seems to us that the case at bar is clearly such a case, for the amount awarded by the verdict is so large as to shock the sense of justice and to unmistakably point to the fact that the jury must have been controlled either by sympathy for the plaintiff, or by prejudice against the railway company, such as constitutes in legal effect "passion or prejudice" within the meaning of the statute.

Were we in any doubt as to our duty in the premises we should feel like resolving such doubt in favor of directing a new trial owing to the very unsatisfactory showing as to the extent of the plaintiff's injuries. We feel that in the interests of justice a new trial should be had to the end that the true nature of the injuries may be more clearly established. The time which has now elapsed since the accident will no doubt prove of considerable aid in establishing the true situation relative to the alleged permanency of such injuries. Even if we deemed this a proper case for the granting of a new trial conditionally, we feel that a very material reduction should be made from the

judgment as finally entered, and we believe it would be more satisfactory to both parties to have a new trial.

We place our decision entirely upon the statute, and hence we are not ·required to determine what the rule should be in the absence of such statutory rule. As will be seen by an examination of the authorities cited by us in Carpenter v. Dickey, supra, there is much conflict in the decisions, but they were mostly all decided without reference to any statute. In addition to the authorities heretofore cited, we add, as lending support generally to our views that a new trial should be granted, the following: Partello v. Missouri P. R. Co. 217 Mo. 645, 117 S. W. 1138; Creve Coeur Lake Ice Co. v. Tamm, 90 Mo. App. 202; Johnson v. Great Northern R. Co. 107 Minn. 285, 119 N. W. 1061; Landro v. Great Northern R. Co. 114 Minn. 162, 130 N. W. 553; Bucher v. Wisconsin C. R. Co. 139 Wis. 597, 120 N. W. 518; Louisville & N. R. Co. v. Reaume, 128 Ky. 90, 107 S. W. 290; Gibney v. St. Louis Transit Co. 204 Mo. 704, 103 S. W. 43.

In view of another trial we need not notice in detail appellant's other assignments. Suffice it to say that we have considered them, and as to assignments numbered 2 to 8 inclusive, we deem them without merit. The other two in effect present the same point as the first, and need not be specially noticed.

The judgment appealed from is reversed and a new trial ordered.